UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS

JOSE PRECIADO,
    Plaintiff,

v.                                                          Cause No.   **3:23-cv-00052**

RECON SECURITY CORP.,
    Defendant.

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE UNITED STATES DISTRICT COURT:

    Plaintiff Jose Preciado ("Employee Preciado" or "Plaintiff"), now complains of Defendant Recon Security Corp. ("Employer Recon" or "Defendant"), and respectfully shows the Court and jury as follows:

### I. PARTIES

1. Jose Preciado is a natural person residing in El Paso, Texas.

2. Recon Security Corp. is a Texas for-profit corporation which may be served with process by serving its registered agent, Aldo Fernandez, at 11930 Vista Del Sol, Suite B, El Paso, Texas 79936, or wherever he may be found.

### II. JURISDICTION

3. Jurisdiction is proper in this Honorable Court based on federal question jurisdiction.

### III. FACTUAL CHRONOLOGY

4. Employers must compensate employees for required overtime hours, by paying the employee the regular rate times one and a half, to protect employees, like all of us, from financial losses and emotional trauma.

5. Employers must properly characterize employees as employees, rather than independent contractors, to protect employees, like all of us, from financial losses and emotional

trauma.

6. Employers <u>must not</u> retaliate against employees who complain of or oppose violations of the Fair Labor Standards Act to protect employees, like all of us, from financial losses and emotional trauma.

7. Recon Security Corp. is an employer.

8. Employer Recon must compensate employees for required overtime hours, by paying the employee the regular rate times one and a half, to protect employees, like all of us, from financial losses and emotional trauma.

9. Employer Recon must properly characterize employees as employees, rather than independent contractors, to protect employees, like all of us, from financial losses and emotional trauma.

10. Employer Recon <u>must not</u> retaliate against employees who complain of or oppose violations of the Fair Labor Standards Act to protect employees, like all of us, from financial losses and emotional trauma.

11. On or about September 19, 2019, Employer Recon hires an Employee as a security officer.

12. Employer Recon engages in interstate commerce by receiving shipments of goods and products from other states.

13. Employer Recon engages in interstate commerce by accepting customers from other states.

14. Employer Recon engages in interstate commerce by selling services to customers from other states.

15. Employer Recon engages in interstate commerce by selling services to customers in other

states.

16. Employer Recon engages in interstate commerce by advertising in other states.

17. Employer Recon engages in interstate commerce by advertising through a website which receives visitors from other states.

18. Employer Recon engages in interstate commerce by processing payments through interstate wires.

19. Employer Recon sets the Employee's hours.

20. Employer Recon pays the Employee per hour for work performed while on the clock.

21. Employer Recon controls and oversees the Employee's daily duties and the manner in which the Employee performs the duties.

22. Employer Recon falsely classifies the Employee as an independent contractor, and does not pay the Employee's federally mandated payroll taxes.

23. From June 2020 through September 2020, Employer Recon requires the Employee to work 25 hours of overtime every week.

24. From June 2020 through September 2020, Employer Recon refuses to pay the Employee time and a half for the 25 hours of overtime which Employer Recon requires the Employee to work each week. Instead, Employer Recon only pays the Employee the regular hourly rate for this overtime worked.

25. On or about September 2020, Employer Recon Owner Omar Macias receives the Employee's verbal complaint about Employer Recon not paying the Employee time and a half for overtime. Owner Macias tells the Employer that Employer Recon will not pay time and a half for overtime.

26. On or about December 2020, Employer Recon Owner Macias receives the Employee's

request for a W-2.

27. Owner Macias tells the Employee that Employer Recon pays the Employee with a check, and does not report the payments on a W-2, because Employer Recon does not withhold any taxes.

28. Owner Macias then receives the Employee's complaint about Employer Recon paying with a check without any tax withholdings, *i.e.* Employer Recon falsely classifying the Employee as an independent contractor.

29. On or about June or July 2021, Employer Recon Owner Macias receives the Employee's second complaint about Employer Recon paying the Employee with a check without any tax withholdings, *i.e.* Employer Recon falsely classifying the Employee as an independent contractor.

30. From mid-2021 through June 3, 2022, Employer Recon assigns the Employee to provide security services for the Housing Authority of the City of El Paso, Texas ("Housing Authority"), and requires the Employee to work 10 hours of overtime every week.

31. From mid-2021 through June 3, 2022, Employer Recon bills the Housing Authority for the overtime work the Employee provides at Employer Recon's direction.

32. From mid-2021 through June 3, 2022, Employer Recon refuses to pay the Employee time and a half for the 10 hours of overtime which Employer Recon requires the Employee to work each week. Instead, Employer Recon only pays the Employee the regular hourly rate for this overtime worked.

33. From mid-2021 through June 3, 2022, Employer Recon receives the Employee's verbal complaints about Employer Recon not paying the Employee time and a half for overtime.

34. On or about June 3, 2022, Employer Recon Supervisor Becky Chavez begins yelling and

swearing at the Employee.

35. On or about June 3, 2022, Employer Recon constructively discharges the Employee by refusing to provide the Employee with hours to work and refusing to call the Employee in to work.

36. When the Employee returns his uniform to Employer Recon, Employer Recon instructs the Employee to sign a paper falsely stating that Employer Recon paid the Employee for all hours worked.

37. After terminating the Employee, Employer Recon Owner Macias further retaliates against and harasses the Employee by falsely reporting to multiple law enforcement agencies -- including the ATF, FBI, DEA, BPS, and Texas state police -- that the Employee is selling firearms or working as an armed security guard without the required licensing. Employer Recon Owner Macias continues the retaliation and harassment against the Employee by falsely reporting the Employee's working hours and status to the Internal Revenue Service. The IRS, based on the false report of Employer Recon Owner Macias, begins an investigation of the Employee.

38. That Employee is Jose Preciado.

## IV. CAUSES OF ACTION

A. <u>Mischaracterization as an Independent Contractor in Violation of the FLSA.</u>

39. For the reasons discussed *supra*, Employee Preciado qualifies as an employee under the Fair Labor Standards Act, 29 USC § 201 *et seq*. ("FLSA").

40. For the reasons discussed *supra*, Employer Recon qualifies as an employer under the Fair Labor Standards Act, 29 USC § 201 *et seq*. ("FLSA") by engaging in interstate commerce.

41. Employee Preciado was economically dependent on Employer Recon.

42. Employer Recon controlled and oversaw Employee Preciado's hours, duties, and job performance.

43. In violation of the FLSA, Employer Recon mischaracterized Employee Preciado by classifying Employee Preciado as an independent contractor.

44. Employer Recon's mischaracterization of Employee Preciado by classifying Employee Preciado as an independent contractor caused Employer Recon to not pay Employee Preciado regular pay and overtime pay to which Employee Preciado was entitled to under the FLSA.

### B. Refusal to Pay Compensation in Violation of the FLSA.

45. For the reasons discussed *supra*, Employee Preciado qualifies as an employee under the Fair Labor Standards Act, 29 USC § 201 *et seq*. ("FLSA").

46. For the reasons discussed *supra*, Employer Recon qualifies as an employer under the Fair Labor Standards Act, 29 USC § 201 *et seq*. ("FLSA") by engaging in interstate commerce.

47. In violation of the FLSA, Employer Recon does not pay Employee Preciado compensation for overtime hours to which Employee Preciado was entitled.

### C. Retaliation in Violation of the FLSA.

48. For the reasons discussed *supra*, Employee Preciado qualifies as an employee under the Fair Labor Standards Act, 29 USC § 201 *et seq*. ("FLSA").

49. For the reasons discussed *supra*, Employer Recon qualifies as an employer under the Fair Labor Standards Act, 29 USC § 201 *et seq*. ("FLSA") by engaging in interstate commerce.

50. Employer Recon terminates Employee Preciado from his employment because he institutes a complaint of actual or possible violations of the FLSA, 29 USC § 201 *et seq*.

51. Employer Recon retaliates against Employee Preciado in violation of FLSA section 15(a)

(3), which leads to Employer Recon terminating Employee Preciado's employment.

## V. DAMAGES

52. As a direct and proximate result of Defendant's retaliation and conduct against Plaintiff, as described above, Plaintiff has suffered harms and losses. Plaintiff's harms and losses include in the past and the future: lost wages and benefits, employment opportunities, lost income, loss of earning capacity, mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## VI. JURY DEMAND

53. Plaintiff requests that this case be decided by a jury as allowed by Federal Rule of Civil Procedure 38.

## VII. ATTORNEYS' FEES AND COSTS

54. Plaintiff is entitled to recover reasonable and necessary attorney's fees and costs under the FLSA, including any applicable expert fees.

## VIII. PRAYER

55. Plaintiff prays that he recover from Defendant statutory damages, and actual damages, including but not limited to, past and future lost earnings, mental anguish and inconvenience, emotional pain and suffering, loss of enjoyment of life, bodily injury, pain and suffering, economic damages and benefits in the past and future, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, attorney fees and expert fees, court costs and all costs of suit and such other and further relief to which he may show himself to be justly entitled, in law and in equity.

**SIGNED** on February 6, 2023.

Respectfully submitted,

**CHAVEZ LAW FIRM**
2101 Stanton Street
El Paso, Texas 79902
(915) 351-7772

By: _____

**Enrique Chavez, Jr.**
enriquechavezjr@chavezlawpc.com
State Bar No.: 24001873
**Michael R. Anderson**
manderson@chavezlawpc.com
State Bar No.: 24087103
*Attorneys for Plaintiff*